UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM GUGLUIZZA, SR. | CIVIL ACTION |
| VERSUS | NO. 06-6376 |
| STATE FARM FIRE & CASUALTY COMPANY, ET AL | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on the issue of whether the jurisdictional amount existed at the time of removal.[1]  Based on the record and the law, the Court has determined that remand is appropriate for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow

---

[1] This Court has previously held that Hurricane Katrina was not an "accident" for purposes of the Multiparty Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369.  Fidelity Homestead Assn. v. Hanover Insurance Co., 2006 WL 2873562 (E.D.La.). That ruling applies in this matter for purposes of determining subject matter jurisdiction.

Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

     The defendant's argument in favor of the existence of the jurisdictional minimum is based on the amount of <u>coverage</u> on the policy, not the claims made. (Rec. Doc. 10). Although the plaintiff submits that the amount in controversy exceeds the jurisdictional amount, he states only that the amount of property damage owed under the policy is $33,251.34, based on an adjuster's report, and offers no estimate as to the other amounts

sought in the petition. (Rec. Doc. 11).

Based on the record and the law, and because subject matter can not be conferred by agreement, the Court finds that the defendant has not established subject matter jurisdiction as of the pleadings filed to date. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that the parties submit additional briefing to establish jurisdiction by January 8, 2007. Failure to do so will result in a remand of this matter to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 28th day of December, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE